**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

            **Plaintiff**

-vs-                                        Case No.   3:14-CR-023

**DEMIAN PINA**

            **Defendant**

---

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER**
**MODIFICATION OF BOND (DOC. 35)**

---

      This matter comes before this Court on Defendant's Motion to Reconsider Modification of Bond (Doc. 35) filed July 22, 2014.   The Defendant appeared for said hearing on January 29, 2015 at which time the Defendant's counsel and counsel for the Government were heard.

      As presented in Court, the Defendant's alleged violations of 18 U.S.C. §2252(a)(2) are violations that raise a rebuttable presumption, under 18 U.S.C. §3142(e)(3)(E) that no conditions or combination of conditions will reasonably assure the Court of the safety of the community or the Defendant's appearance as required.

      The Defendant requests that the detention order be modified to home confinement with electronic monitoring.   The home confinement would be in the residence where the alleged offenses were to have occurred.   This residence has been represented to be equipped with a phone system that would accommodate electronic monitoring.   It is further represented that said residence has no computers or that all computers can be removed.   The Defendant asserts to the Court that these conditions are sufficient to assure his attendance as required and the safety of the community.

      Although the Court agrees that these proposed conditions do address to some degree the Court's concerns, they do not sufficiently rebut the presumptions raised by these alleged violations.

The Court is concerned by the fact that Defendant apparently has not in the past recognized the seriousness of these allegations to the extent that after an initial seizure of computers and equipment by law enforcement, he obtained additional computers which were allegedly used in these violations.

The Defendant was also confrontative to the agents when taken into custody.

The level of Defendant's cooperation throughout this bond process has been minimal, resistant and confrontational.

The Defendant has been uncooperative and appears to the Court to have no inclination to comply with even the most minimal requests or conditions.

This pattern of activity and attitude gives this Court concern as to his sincerity in promising to abide by conditions and definitely does not in this Court's opinion rebut the presumption that there are no conditions that would assure his appearance or safety of the community.

Therefore, the Motion to Reconsider Modification of Bond (Doc. 35) is DENIED.

IT IS SO ORDERED.

February 13, 2015                               *S/THOMAS M. ROSE
                                                _____
                                                THOMAS M. ROSE
                                                UNITED STATES DISTRICT JUDGE