UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                     Case No. 3:14-cr-023

-vs-                                           Judge Thomas M. Rose

DEMIAN PINA,

        Defendant.

---

### Entry and Order Denying Motion to Dismiss for Speedy Trial Violation. Doc. 53.

---

This matter comes before the Court pursuant to Motion to Dismiss for Speedy Trial Violation. Doc. 53. Therein, Pina asserts that unreasonable delay has violated his speedy trial rights and therefore, his case must be dismissed.

Defendant Demian Pina was indicted on February 25, 2014, on five counts of distribution of child pornography and two counts of possession of child pornography. Pina was arrested on February 25, 2014 and was detained without bond. On August 11, 2014, the Court issued a Decision and Entry, Doc. 38, referring Pina for a mental health evaluation without the consent of Pina. On September 9, 2014, the Government made a motion for a second mental health evaluation over the objection of Pina. On September 11, 2014, the Court issued an Order, Doc. 39, granting the government's motion. It was not until January 29, 2015 that the Court ultimately ruled on the competency issue.[1]

---

1 Other motions have tolled the time calculation for Defendant's speedy trial rights, including a motion to suppress evidence, doc. 34, filed by Defendant on July 10, 2014. A hearing was held on this motion March 9, 2015, and it was ruled upon June 15, 2015.

Pina objected to the request by the Government to have a second mental health evaluation. His position is that the time from September 9, 2014 until the date of the hearing on January 29, 2015 (139 days) should be counted towards his right to a speedy trial. Pina suggests that there was no basis for the second evaluation and in fact all mental health reports suggest he was and is competent. Therefore, he argues that the charges in this case should be dismissed.

Delays resulting from proceedings to determine a defendant's competency are properly excluded from the Speedy Trial Act's calculation. See *United States v. Cope*, 312 F.3d 757, 777 (6th Cir. 2002). "[T]ime associated with mental competency examinations are excluded from the Speedy Trial clock." *United States v. Murphy*, 241 F.3d 447, 455–56 (6th Cir. 2001); see also *id.* at 456 (holding that "§ 4247(b) does not limit the time excludable under the Speedy Trial Act for mental competency examinations"). This is true even if the defendant personally objects to a psychiatric evaluation. *Id.* at 455. See also *United States v. Jackson*, 179 Fed. App'x 921, 933-34 (6th Cir. 2006).

Defendant's motion is not well-founded. Time has not run on his Speedy Trial rights. Therefore, Defendant's Motion to Dismiss for Speedy Trial Violation, Doc. 53, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio on Wednesday, June 17, 2015.

> s/Thomas M. Rose
> _____
> THOMAS M. ROSE
> UNITED STATES DISTRICT JUDGE