**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**UNITED STATES**
 **Plaintiff,**

**-vs-**                                                              **Case No.    3:14-cr-23**

**DAMIAN PINA**                                            **District Judge Thomas M. Rose**

 **Defendant.**
_____

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO**
**STAY PROCEEDINGS (Doc. 100)**
_____

        This matter came before the Court on Defendant's pro se "Motion to Stay Proceedings" (doc.

100), filed August 15, 2016.   The Motion was filed by the Defendant after being convicted, by a

jury, of five counts of Distribution of Child Pornography in violation of 18 U.S.C. 2252(a)(2) and

(b)(1) and two counts of Possession of Child Pornography in violation of 18 U.S.C. 2252(a)(4) and

(b)(2), but prior to sentencing on those convictions. Defendant, although represented by appointed

counsel throughout the case, has elected to file notices of appeal and additional pro se filings during

this period of time between his conviction and disposition, none of which were joined by appointed

defense counsel. Although this Court does not allow hybrid representation in the majority of

proceedings, it exempts from that prohibition pro se filings by a defendant during the disposition

process. Therefore, the Court will not strike and will consider this motion.

        The Defendant's Motion is the most recent attempt to delay his disposition in this matter. The

Motion is the fifth motion to continue Defendant's disposition and is based upon his continual desire

to appeal a plethora of issues he envisions to exist in the above captioned matter. The Court would

note that the Defendant has also filed a fifth notice of appeal (doc.99) simultaneously with this

motion. This follows four previous attempted appeals Defendant has filed since his convictions but prior to disposition, all of which have been dismissed by the Sixth Circuit Court of Appeals as premature. This time, as with the previous notices of appeal, there is no appealable non-final order in this case.   Normally filing a notice of appeal divests the district court of jurisdiction over a case and vests jurisdiction in the court of appeals until the district court receives a mandate of the court of appeals. However, a district court retains jurisdiction over an action when an appeal is attempted to be taken from a non-appealable non-final order. *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir. 1993).   This being such a case the Court retains jurisdiction to decide this motion and proceed to disposition.

In addition to the Defendant's desire to file his fifth appeal he also argues the need for more time to "prepare motions to counter the Presentence Report and point out errors". Defendant was convicted on June 25, 2015, approximately fourteen months prior to this motion and the scheduled disposition. Also of note is that the Presentence Investigative Report was issued approximately thirteen months prior to this motion and disposition. The Court has granted numerous extensions to Defendant and to Defendant's counsel for various reasons including, but not limited to review of the Presentence Investigative Report. The Court has considered all filings regarding this Report filed by Defendant's counsel, including a Sentencing Memorandum (doc. 91) and Supplemental Sentencing Memorandum (doc. 93). Interestingly Defendant pro se, besides his attempts to appeal and filings to continue and stay proceedings, has not offered any filings regarding disposition, mitigation of disposition, factors of sentencing or the Presentence Investigative Report.

Considering the arguments of Defendant pro se and the record of these proceedings subsequent to Defendant's conviction, approximately fourteen months ago, and the time that has

elapsed since the issuance of the Presentence Investigative Report, approximately thirteen months

ago, the Court does not find Defendant's Motion to Stay (doc.100) well-founded.

The Court retaining jurisdiction **DENIES** Defendant's Motion to Stay Proceedings (doc.

100).


IT IS SO ORDERED.

August 29, 2016

**s/Thomas M. Rose**


_____
**Judge Thomas M. Rose**
**United States District Court**
