**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:14-cr-023 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| DEMIAN PINA, | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE**

On February 25, 2014, a grand jury in the Southern District of Ohio returned a seven-count Indictment, charging defendant Demian Pina in Counts 1-5 with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and in Counts 6-7 with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) and (b)(2).

Pursuant to Fed. R. Crim. P. 32.2(a), a forfeiture allegation in the Indictment contained notice to the Defendant that the United States sought forfeiture of certain property pursuant to 18 U.S.C. § 2253(a). The United States has identified the following property (hereinafter the "subject property") for forfeiture:

- One generic CPU labeled "MY PC", SN: 014345151;

- One generic CPU labeled "Titan Server", no serial number;

- One Compaq desktop computer, SN: 4CE0160LDH, containing 1TB Seagate hard disk drive bearing SN: 5VP7NNG4;

- 1.5 TB Seagate external hard drive;

- One Dell laptop, SN G8QH3B1, containing 500GB Seagate hard disk bearing SN: 6VEGXGVF; and

- 31 CDs and 129 DVDs.

On June 25, 2015, following a four-day trial, the jury returned its verdicts against the Defendant, finding him guilty on all counts of the Indictment.

On August 30, 2016, the Court held the Defendant's sentencing hearing. The Amended Judgment establishes that the Defendant shall forfeit the subject property to the United States. The Sixth Circuit affirmed the Defendant's convictions.

The subject property is forfeitable, pursuant to 18 U.S.C. § 2253(a)(1) and (3), because the property contains unlawful depictions and/or was used or intended to be used in the commission of the offenses charged in Counts 1-7 of the Indictment. The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest is the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in

Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4.      The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5.      Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6.      Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7.      The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8.      This Preliminary Order of Forfeiture is final as to the Defendant. The forfeiture was made part of the sentence and included in the Amended Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

9. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: March 15, 2019                        *s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE