# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 3:14-cr-023
                                                     Also 3:20-cv-181

                                                     District Judge Thomas M. Rose
     - vs -                         Magistrate Judge Michael R. Merz

DEMIAN PINA,

          Defendant.      :

---

## REPORT AND RECOMMENDATIONS

---

This criminal case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 153). As with all petitions for post-conviction relief at the Dayton location of court, it has been referred to the undersigned under General Order Day 13-01. The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Litigation History**

Defendant was indicted February 25, 2014, on five counts of distribution of child pornography and two counts of possession of child pornography (Indictment, ECF No. 5). The case was tried to a jury in June 2015 and Pina was convicted on all counts (Verdicts, ECF No. 66). On August 30, 2016, the Court sentenced Pina to 210 months imprisonment on counts one through five and 120 months on counts six and seven with all sentences to run concurrently (Minutes, ECF No. 102; Judgment, ECF No. 103).

Pina appealed and the Sixth Circuit affirmed, *United States v. Pina*, Case No. 16-4006 (6th Cir. Feb. 16, 2018)(unpublished; copy at ECF No. 142), *cert. denied sub nom. Pina v. United States*, Case No. 18-7505 (Mar. 5, 2019.)

## Analysis

As this chronology shows, the Supreme Court of the United States denied review on certiorari on March 5, 2019. In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which provides a statute of limitations for Motions to Vacate. 28 U.S.C. § 2255(f) provides:

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As an incarcerated person, Pina is entitled to a filing date for his Petition of the date on which he deposited it in the prison mailing system addressed to the Clerk for filing. According to the Motion, that date was May 7, 2020; the Motion was received and docketed by the Clerk on May 11, 2020.

Because Pina sought review by certiorari in this case, his conviction became final on the date the Supreme Court denied relief, March 5, 2019. Therefore the statute of limitations began to run on that date and expired one year later on March 6, 2020. Because Pina's to Vacate was not filed until two months later, it is subject to dismissal under 28 U.S.C. § 2255(f).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 11, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.